IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bennie MULLINS, Jr.<br>2001 Mariyana Ave.<br>Gallup, New Mexico 87301<br>    Petitioner/Complainant<br><br>v.<br><br>Karen DESALVO,<br>U.S. Department of Health and<br>Human Services<br>200 Independence Ave S.W.<br>Washington, DC 20201<br>    Respondent/Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. No. 1:16-cv-1964<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

Comes now the PETITIONER/COMPLAINANT, Bennie Mullins, Jr., by and through counsel, David P. Sheldon, and prays this Honorable Court for a Writ of Mandamus and for relief under the Administrative Procedure Act (APA). As reasons for such, Mr. Mullins states:

1. This action is brought against the Respondent to compel her action on an application from the Petitioner to retire from the United States Public Health Service Commissioned Corps ("Commissioned Corps") based on personal hardship. The Application remains within the jurisdiction of the Respondent, who has improperly withheld action on the Petitioner's Application for over ten months, to the detriment of the Petitioner.

### I. Jurisdiction

2. This is a civil action brought pursuant to 8 U.S.C. § 1329 (Jurisdiction of district courts) and 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1361 (Action to compel an officer of the United States to perform his duty). This Action is filed to reduce the deprivation of

rights, privileges, and immunities secured to Petitioner by these statutes and to compel Respondent to perform a duty she owes Petitioner. Jurisdiction is also conferred by 5 U.S.C. §§ 702, 706 and 555. (Administrative Procedure Act).

3. Petitioner Mullins is entitled to have action taken on his retirement request.

## II. Venue

4. Venue is proper under 28 U.S.C. § 1391(e) because the principal Respondent/Defendant, Karen DeSalvo, is being sued in her official capacity as Assistant Secretary of Health, a U.S. agency resident in this district.

5. Respondent/Defendant is an official in the Department of Health and Human Services and is charged by law with the statutory obligation to act on Petitioner's retirement request.

## III. Parties

6. Petitioner, Mr. Bennie Mullins, Jr., was born on November 24, 1965, and first enlisted in the United States Army in 1983. He enlisted twice in the United States Army and later commissioned as an officer in the Army. Each time, he received an honorable discharge. Overall, he provided thirteen years, seven months, and twenty-eight days of active service in the Army.

7. On July 2, 2009, Mr. Mullins entered the United States Public Health Service Commissioned Corps ("Commissioned Corps"). Since then, he has continuously served as an officer in the Commissioned Corps. He currently holds the rank of Commander (CDR).

8. Overall, including both Mr. Mullins' time in the Army and the Public Health Service, he has served his country for more than twenty years.

9. Commissioned Corps Instruction CC384.02 pertains to the policy and procedures under which a Commissioned Corps officer shall be considered, upon his or her request, for retirement after twenty years of active service but less than thirty years of active service.

10. Paragraph 6-3 of Commissioned Corps Instruction CC384.02 states, "To be eligible for consideration for retirement after 20 years of service, an officer must have had at least 10 years of active service with the Corps unless approved by the [Assistant Secretary of Health] without further delegation." The same paragraph states that creditable service for establishing eligibility for retirement includes "All active service (enlisted, warrant, or commissioned) in any of the uniformed services." The Instruction also provides directions on submitting a request for permission to retire, including that such request shall be submitted through the officer's supervisor.

## IV. Facts of the Case

11. On November 9, 2015, CDR Mullins, submitted through his immediate supervisor a request to retire from the Commissioned Corps effective March 1, 2016. As CDR Mullins had not yet served in the Commissioned Corps for 10 years but, as of December 1, 2015, would have provided over 20 years of active service when including his time in the Army, he directed his request to the Assistant Secretary of Health ("ASH"), pursuant to Paragraph 6-3 of Commissioned Corps Instruction CC384.02. In his memorandum, he specifically stated that the memorandum was directed to the ASH. He also specifically stated that the request was pursuant to Commissioned Corps Instruction CC384.02, paragraph 6-3. In his request, he cited a number of family-related issues as the basis for his request to retire. Primarily, CDR Mullins explained that his then-recent reassignment to New Mexico had caused him and his wife to be separated from their eldest son, who suffers from paranoid schizophrenia and requires a significant amount

of care. Commander Mullins explained that as a result of the separation from their son, he and his wife are unable to ensure that their son receives the special care that he needs. He also explained that the resulting stress on CDR Mullins and his family was causing significant marital strife, that his wife had developed generalized anxiety disorder, and that the strife in their marriage was creating a stressful environment for their younger son, who lives with them.

12. On November 27, 2015, Captain (CAPT) Jerome Alford, with the Commissioned Corps, informed counsel for CDR Mullins that CDR Mullins' request had been submitted to the Office of General Counsel (OGC). On December 24, 2015, after counsel for CDR Mullins' inquired into the status of the retirement request, CAPT Alford replied that he had contacted OGC again about the request. In January and February of 2016, counsel for CDR Mullins again inquired about the status of the retirement request but received no response.

13. On March 1, 2016, as nearly four months had passed since CDR Mullins submitted his retirement request, and as that request was based on personal hardship, CDR Mullins submitted to CAPT Alford an addendum to his November 9, 2015, retirement request. In that addendum, he explained how his hardships had only grown worse while he awaited a decision on his request to retire. Among other things, he explained that his eldest son's anxiety about being separated from his parents had increased, that strife in CDR Mullins' marriage had increased further, and that his younger son had since been diagnosed with maladjustment disorder/Depression.

14. On April 2, 2016, CAPT Alford emailed CDR Mullins and informed him that his request had not been forwarded to the ASH. Despite his prior correspondence with counsel, CAPT Alford stated that he did not have any record of CDR Mullins' original request for

retirement, before the addendum he submitted on March 1. CAPT Alford provided CDR Mullins with an address where he could send his request directly to the ASH.

15. Soon thereafter, due to the confusing nature of CAPT Alford's correspondence, undersigned counsel contacted the Public Health Service's Office of General Counsel. Undersigned counsel was eventually put in contact with CDR Christine Collins, Director of Operations for the Office of Surgeon General. On June 9, 2015, through email, CDR Collins indicated that "I.H.S. and the Commissioned Corps Headquarters" were "working on CDR Mullins' request."

16. On June 9, 2016, after another inquiry by counsel for CDR Mullins, CDR Collins indicated that CDR Mullins' request was still pending review.

17. On August 3, 2016, after another inquiry by counsel for CDR Mullins, CDR Collins emailed counsel for CDR Mullins and said that her office "does not have visibility" of CDR Mullins' retirement request. She referred counsel to someone else in the Commissioned Corps.

18. As of today, CDR Mullins has still received no decision concerning the retirement request that he submitted more than ten months ago.

## V. CLAIMS

### Claim I: Mandamus Relief

19. A mandamus plaintiff must demonstrate that: (i) he has a clear right to the relief requested; (ii) the Respondent has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Hamandi v. Chertoff, 550 F.Supp.2d 46, 53 (D.D.C. 2008). Petitioner easily meets all three of these criteria.

**i.** *Petitioner Has a Clear Right to the Relief Requested*

20. Respondent has deliberately, willfully, and unreasonably refused to adjudicate Petitioner's request for retirement for more than ten months, thereby depriving Petitioner of his right under Commissioned Corps Instruction CC384.02 to have that request acted on.

### ii. *Respondents Have a Clear Duty to Perform the Act in Question*

21. This Writ of Mandamus should be granted because Respondent owes Petitioner the duty to act on his request for retirement. See Donovan v. United States, 580 F.2d 1203, 1208 (3rd Cir. 1978), holding that Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act. Under Commissioned Corps Instruction CC384.02, the Respondent has a clear duty to act on Petitioner's request. As here, where the government has failed to take any action, the Court may order the Respondents to adjudicate an application or petition. See e.g., Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997).

22. Mandamus is also appropriate because the government has failed to act within a reasonable amount of time. See Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D.N.Y. 2004), noting that section 555(b) of the Administrative Procedure Act (APA) requires the government to act within a reasonable period of time. Petitioner Mullins has waited for more than ten months to have his request acted on. Moreover, he and his counsel have repeatedly been given conflicting information about its status.

23. Because Respondent has a clear duty to adjudicate Petitioner's retirement request and has failed to act within a reasonable period of time, the Court may order Respondent to promptly adjudicate the request.

### iii. *No Other Adequate Remedy is Available to Petitioner*

24. The Writ of Mandamus ought to be granted because Petitioner has no alternative means of attaining action and his right to a decision on his request is "clear and indisputable." Allied Chemical Corps v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Through the last ten months, Petitioner has utilized all administrative means, short of filing suit, to procure a decision from Respondent, including phone calls and emails. As noted above, this has been to no avail. Because no other adequate remedy is available to Petitioner, this Honorable Court may order Respondents to adjudicate and grant Petitioner's request for retirement.

### Claim II: Violation of the Administrative Procedure Act (APA)

25. Petitioner re-alleges the allegations contained in Paragraphs 1 through 23 as though fully set forth therein.

26. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702. Agency action includes the failure to act. *Id.* § 551(13). Because the APA requires agencies to conclude matters presented to them "within a reasonable time," *id.* § 555(b), a court may sometimes "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).

27. Commissioned Corps Instruction CC384.02 provides Commander Mullins the ability to seek approval from the ASH in order to retire from the Public Health Service.

28. Over 10 months ago, Commander Mullins sought approval from the ASH to retire from the Public Health Service. His request was based on hardship that his assignment was causing him and his family. Since that time, that hardship has only worsened. CDR Mullins continues to be separated from his eldest son, who suffers from paranoid schizophrenia and requires a significant amount of care. His wife has developed generalized anxiety disorder, his

youngest son has been diagnosed with maladjustment disorder/Depression and has experienced suicidal ideations, and the Mullins' marriage is being pushed to its limits.

29. Meanwhile, throughout this time, the Respondent has failed to act on CDR Mullins' request. Such failure to act for more than 10 months constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

### VI. Prayer for Relief

THEREFORE, Petitioner prays that this Honorable Court:

i. Compel Respondent and those acting for her to perform their duty to act on Petitioner's request for retirement.

ii. Grant him reasonable attorney's fees and costs under the Equal Access to Justice Act.

iii. And grant such other and further relief as this Honorable Court, in its wisdom, deems just and appropriate.

Date: 9/30/2016

Respectfully submitted,

*[signature]*
Bennie Mullins, Jr.

By counsel,

*[signature]*
David P. Sheldon
Law Offices of David. P. Sheldon
1100 New Jersey Ave., Ste. 720, SE
Washington, DC 20003
Tel: (202) 552-0018
Fax: (202) 546-0135
Email: davidsheldon@militarydefense.com
U.S. District Court Bar No. 446039